**115 SWORD ET AL. vs. CIRCUIT JUDGE** (Lenawee), 71 M., 284.

To dismiss attachment proceedings, on the ground that the affidavit, upon which the writ is based, is insufficient.

Denied July 11, 1888.

Held, that the allegation that two defendants, naming them, are justly indebted to the plaintiff, imports a joint indebtedness, and that an averment that such debt is due from one of said defendants. necessarily avers that it is due from both.

**116 MILLER vs. CIRCUIT JUDGE** (Bay), 41 M., 326.

To vacate an order quashing an attachment.

Granted July 1, 1879.

The court below held the affidavit insufficient in the allegation as to the indebtedness, but the Supreme Court held otherwise, and that, as the order made was interlocutory not touching the merits, mandamus is the only adequate remedy to vacate it. The affidavit set forth that several parties, naming them, a copartnership under the firm name, etc., are indebted, etc. It was insisted that we have statutes relating to promissory notes and bills whereby parties who are not joint obligors may be united in one suit and that this affidavit does not exclude the possibility of such a case. See No. 93.

**117 FISHER ET AL. vs. CIRCUIT JUDGE** (Marquette), 58 M., 450.

To vacate an order quashing on motion a writ of replevin, because a cross replevin.

Granted November 18, 1895.

Held, that the second writ cannot be superceded or quashed for that reason on motion. It should be pleaded in bar or in abatement.